57 F.3d 1083
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Sheila WIDNALL, Secretary of the Air Force, Appellant,
and
Logistics Techniques, Inc., Appellant,
v.
B3H CORPORATION, Intervenor,
and
Martin Marietta Technical Services, Inc., Intervenor.
B3H CORPORATION, Appellant,
v.
Sheila WIDNALL, Secretary of the Air Force, Appellee,
and
Logistics Techniques, Inc., Intervenor,
and
Martin Marietta Technical Services, Inc., Intervenor.
 Nos. 95-1042 to 95-1044.
 United States Court of Appeals, Federal Circuit.
 May 12, 1995.
 
 GSBCA
 RECONSIDERATION DENIED; APPEAL REINSTATED.
 RICH, Circuit Judge.
 
 ON MOTION
 ORDER
 
 1
 B3H Corporation moves for reconsideration of the court's January 11, 1995 order and for an extension of time to file its brief. Logistics Techniques, Inc. opposes the substance of the motion for reconsideration and does not oppose the motion for an extension of time. B3H states that the Secretary of the Air Force and Martin Marietta Technical Services, Inc. do not oppose either motion. Logistics moves for an extension of time to file its brief and for leave to file its brief instanter. No parties have responded. Logistics moves for a 14-day extension of time to file its reply brief. Logistics states that the Secretary and Martin Marietta do not oppose. B3H opposes the motion for an extension of time.
 
 
 2
 We first address B3H's motion for reconsideration. B3H's motion evidences a profound misunderstanding of Fed. R. App. P. 15 governing appeals from decisions of administrative agencies. Pursuant to Rule 15, a party adversely affected by an agency decision may, of course, appeal. Rule 15(a) requires that the agency be the named respondent or appellee* and that any other party who wishes to participate must move for leave to intervene pursuant to Rule 15(d). Thus, Logistics' notice of appeal referring to itself as appellant and the Secretary of the Air Force as appellee was in total conformance with the rule. If B3H wished to participate in the appeal, it was required to move for leave to intervene and would be designated as "intervenor" in the caption. Contrary to B3H's heated protestations, Logistics' notice of appeal was entirely proper.
 
 
 3
 However, as noted by the Secretary in her original motion to consolidate, in this case the Secretary also appealed and her interest is aligned with Logistics. Thus, the court consolidated the two appeals and designated Logistics and the Secretary as aligned appellants. Because the Secretary was no longer a true appellee, that designation was removed. However, the remaining parties are not labelled "appellees," they are labelled "intervenors" in conformance with Rule 15(d). The distinction is without meaning for purposes of the substance of the case.
 
 
 4
 Finally, in the court's January 11, 1995 order, the court sua sponte dismissed B3H's appeal on the ground that B3H prevailed in the Board proceeding. B3H concedes that "the Board expressly granted B3H's protest on the merits of its challenge to the Air Force's source selection determination for the two contracts ...." However, B3H apparently sought additional relief from the Board, i.e., a directed award to itself, that the Board did not grant. Therefore, B3H's appeal is reinstated.
 
 
 5
 We now turn to Logistics' motion for a 14-day extension of time to file its reply brief. B3H objects to the extension of time because Logistics was in possession of B3H's brief before the filing of Logistics' initial brief but did not take the opportunity to respond to B3H's arguments at that time. Under Fed. R. App. P. 28, Logistics is entitled to file a brief in reply to B3H's brief and is not required to address B3H's arguments in its initial brief, regardless of the time that B3H's brief was made available to Logistics. Further, the delay in filing of Logistics' initial brief and the modification of the briefing schedule was occasioned by the court's consideration of B3H's motion for reconsideration.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) B3H's motion for reconsideration is denied except to the extent indicated above.
 
 
 8
 (2) B3H's motion for an extension of time to file its brief is granted.
 
 
 9
 (3) That part of the court's January 11, 1995 order that dismissed B3H's appeal is vacated, the mandate is recalled, and B3H's appeal is reinstated.
 
 
 10
 (4) The revised official caption is reflected above.
 
 
 11
 (5) Logistics' motion for an extension of time to file its brief and for leave to file its brief instanter is granted.
 
 
 12
 (6) Logistics' motion for an extension of time to file its reply brief is granted.
 
 
 13
 (7) The revised briefing schedule is:
 
 
 14
 (a) Logistics' reply brief to B3H's brief (in the nature of the third brief filed in a cross appeal) is due May 15, 1995.
 
 
 15
 (b) Martin Marietta's brief (in the nature of an appellee's brief) is due 14 days from the date of filing of this order.
 
 
 16
 (c) The Secretary and Logistics' reply briefs are due 14 days thereafter.
 
 
 17
 (d) B3H's reply brief is due 14 days thereafter.
 
 
 
 *
 Rule 15 refers to "petitions for review," "petitioners," and "respondents." However, as noted by the rule, when the relevant applicable statute uses a different term, such as "notice of appeal" rather than "petition for review," then the appellate court uses the terms set forth in the statute. Thus, in accordance with the governing statute, this court uses the terms "appellant" and "appellee" in its caption